UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE KIMBROUGH,                    Case No. 26-10924

      Plaintiff,                         F. Kay Behm
v.                                     United States District Judge

HERCULES DRAWN STEEL
CORPORATION, *et al.*,

      Defendants.
_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No.
2) AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT
(ECF No. 1)**

Plaintiff, Terrance Kimbrough, proceeding *pro se*, filed a complaint against Defendants on March 20, 2026.  ECF No. 1.  Defendants are Plaintiff's former employer, Hercules Drawn Steel Corporation, and one individual officer of Hercules Drawn Steel Corporation.  *Id.* at PageID.2, ¶¶ 7-11.  Plaintiff alleges federal question jurisdiction under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, along with state law claims of battery, negligence, invasion of privacy/intrusion upon seclusion, and intentional infliction of emotional distress.  *Id.* at PageID.4-5.  Plaintiff filed an application to

1

proceed *in forma pauperis* on March 20, 2026.  ECF No. 2.  The court finds the application sufficient and **GRANTS** the application to proceed *in forma pauperis*.  However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint for frivolousness and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## I.    STANDARD OF REVIEW

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief.  *See* Fed. R. Civ. P. 12(b)(6).  A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

## II.   ANALYSIS

### A.   Res Judicata

Plaintiff's complaint faces several hurdles. First, while a dismissal under § 1915(e) is not a dismissal on the merits, a court's

previous determination and dismissal for failure to state a claim has a res judicata effect for future *in forma pauperis* petitions. *White v. Paint Tech Int'l & Quality Containment Sol.*, No. 13-13896, 2013 WL 5676689, 2013 U.S. Dist. LEXIS 150035, at *4 (E.D. Mich. Oct. 18, 2013) (citing *Denton v. Hernandez,* 504 U.S. 25, 34 (1992)). Thus, res judicata is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2). *See Smith v. Morgan,* 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint"); *see also Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming dismissal based on res judicata pursuant to § 1915(e) because the plaintiff "could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit"). Courts are "empowered to raise res judicata sua sponte" in the interest of judicial economy. *Stinson v. Fowlkes*, No. 2:24-cv-02870, 2025 WL 2639891, 2025 LX 355201, at *8 (W.D. Tenn. Aug. 14, 2025) (citing *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted)).

4

The doctrine of res judicata or "claim preclusion" prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 (1981); *Mitchell v. Chapman,* 343 F.3d 811, 819 (6th Cir. 2003). From the face of Kimbrough's present complaint, it is clear that these claims could have been brought in his prior complaint in Case No. 26-cv-10601, which was likewise brought against Defendants Hercules Drawn Steel Corporation and David Gunsberg, also before the undersigned. *See* No. 26-cv-10601, ECF No. 5. Plaintiff may be trying a new set of factual allegations here against the same Defendants, but there is every indication that he "could have made all of the same allegations and claims he makes in his current lawsuit" in that earlier lawsuit. *See Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007). Indeed, at least one of his claims (intentional infliction of emotional distress) was directly asserted in the prior action. As a result, his complaint would ordinarily be barred by claim preclusion.

However, the court is conscious that the prior dismissal was "without prejudice," *see* 26-cv-10601, ECF No. 5, PageID.24, the effect of that dismissal did not "permanently foreclose" Plaintiff from trying again, and thus the dismissal should not be given preclusive effect. *See Arangure v. Whitaker*, 911 F.3d 333, 347 (6th Cir. 2018) ("[A] dismissal without prejudice means a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. . . . . Such a judgment does not permanently foreclose a litigant from trying again, so it is not sufficiently final to be given res judicata effect.") (citation omitted, cleaned up). So the court turns to the merits of his new claims.

### B.    Federal Claims

Plaintiff's sole federal claim, brought under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, lacks facial plausibility. It is true that the Act authorizes civil actions under certain circumstances. *See, e.g.*, *Romanov v. Meta Platforms, Inc.*, No. 3:25-cv-00229, 2025 WL 1463155, 2025 LX 62815, at *6 (M.D. Tenn. May 21, 2025); *Reliable Prop. Servs., LLC v. Capital Growth Partners, LLC*, 1 F. Supp. 3d 961, 965 (D. Minn. 2014). The court need not analyze, however, whether Plaintiff's

6

allegations properly set forth a claim under the factors set forth in that statute, because the factual allegations Plaintiff sets out are frivolous and fail to state a claim upon which relief can be granted.  The core of Plaintiff's complaint are his allegations that, "upon information and belief, [] Defendant Gunsberg utilized technological devices, including satellite-enabled access associated with Plaintiff's AT&T router, to gain unauthorized access to Plaintiff's private residence[,]" and through this "remote satellite access" to Plaintiff's home Wi-Fi caused Plaintiff to experience a "burning sensation on his scalp accompanied by hair loss[.]"  ECF No. 1, PageID.2-3.  These factual allegations sound in "fantastic or delusional" scenarios and fail to state a claim upon which relief can be granted.  *See Neitzke*, 490 U.S. at 327-28.

## C.   State Law Claims

This leaves Plaintiff's claims for battery, negligence, invasion of privacy/intrusion upon seclusion, and intentional infliction of emotional distress.  Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). In this case, the court has dismissed Plaintiff's only federal claim. Thus, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and they must be dismissed without prejudice. In any case, the court notes that the factual basis of all of these claims likewise appears to be "fantastic and delusional," which would still fail to properly invoke this court's subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," dismissal for lack of subject matter jurisdiction is appropriate).

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's federal claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e) for

frivolousness and for failure to state a claim, and Plaintiff's state law claims are **DISMISSED** without prejudice for lack of jurisdiction.

    **SO ORDERED**.

Date: April 16, 2026              s/F. Kay Behm
                                     F. Kay Behm
                                     United States District Judge